98 F.3d 1359
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Cornelius James WALL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3272.
 United States Court of Appeals, Federal Circuit.
 Oct. 10, 1996.
 
 Before RICH, MICHEL and PLAGER, Circuit Judges.
 MICHEL, Circuit Judge.
 
 
 1
 Cornelius J. Wall ("Wall") seeks review of the January 3, 1996 decision of the Merit Systems Protection Board (the "Board") affirming the reconsideration decision of the Office of Personnel Management ("OPM") and holding that Wall was not entitled to an alternative retirement annuity in the form of a lump-sum payment with a reduced annuity. The decision of the Board is affirmed.
 
 
 2
 Wall retired from the Department of Justice, Bureau of Prisons, effective November 1, 1994. After his retirement, he requested a lump-sum payment with a reduced annuity. This type of alternative annuity was first authorized by Congress in the Federal Employees Retirement System Act of 1986, Pub.L. No. 99-335, Title II, § 204(a) (June 6, 1986), as amended by the Omnibus Budget Reconciliation Act of 1990 (OBRA), Pub.L. No. 101-508, Title VII, § 7001(a)(1) (November 1990), 104 Stat. 1388-327, codified at 5 U.S.C. § 8343a.
 
 
 3
 OPM issued a decision on July 13, 1995, finding Wall not eligible for the alternative annuity because he did not have "a life-threatening affliction or other critical medical condition." Wall does not allege the existence of any such affliction. Wall requested reconsideration and, on August 17, 1995, OPM reversed the decision and found Wall eligible based on Pub.L. No. 101-508, which granted eligibility for alternative annuities to a larger group of employees, presumably including Wall, and which had a cut-off date of October 1, 1995. Six days later, OPM rescinded the August 17 letter and informed Wall that he was not eligible, explaining that Pub.L. No. 101-508 had been repealed by section 11002 of Pub.L. No. 103-66, enacted August 10, 1994. The amendments became effective October 1, 1994, and thus applied to Wall who retired on November 1, 1994. Wall then appealed the decision to the Board. The Board affirmed.
 
 
 4
 Wall argues that the Board failed to hold binding the August 17 OPM letter. Wall also argues that we must apply Pub.L. No. 101-508 because it has a sunset date of October 1, 1995. Wall finally argues the Board failed to consider grounds of equity and justice.
 
 
 5
 The only real issue is whether the current version of 5 U.S.C. § 8343a applies to Wall as, regardless of whether or not the earlier version of 5 U.S.C. § 8343a would have authorized Wall to an alternative annuity, the current version of the statute only authorizes alternative annuities to those employees with a life-threatening affliction or other critical medical condition. The limitation regarding those employees eligible for the alternative annuity was added in 1993. These amendments became effective on October 1, 1994. As Wall retired on November 1, 1994, he is not eligible for the alternative annuity. The erroneous letter from OPM cannot override the lack of statutory authority; nor can equity concerns. See Office of Personnel Management v. Richmond, 496 U.S. 414, 424 (1990) ("Money may be paid out [of the Federal Treasury] only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by statute.").